**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In re: | ) | Case No. |
| | ) | X  Original Chapter 13 Plan |
| CRYSTAL E. COCHRAN, | ) | ☐ Amended Plan Number _____ |
| | ) | (Changes must be underlined) |
| Debtor. | ) | ☐ Limited Service Applicable |

### CHAPTER 13 PLAN AND NOTICE OF TIME TO OBJECT

***CHAPTER 13 PROCEDURES MANUAL*** The provisions of the Court's Chapter 13 Procedures Manual are incorporated herein by reference and made part of this Plan.  This manual is available at *www.ilsb.uscourts.gov*.

***YOUR RIGHTS WILL BE AFFECTED*** You should read this plan carefully and discuss it with your attorney.  Anyone opposing any provision of this Plan as set forth below must file a timely written objection.  This Plan may be confirmed without further notice unless written objection is filed and served within 21 days after the conclusion of the 11 U.S.C. § 341(a) Meeting of Creditors.  Objections to an amended Plan must be filed and served within 21 days after the date of filing of the amended Plan.

***THIS PLAN DOES NOT ALLOW CLAIMS*** A Creditor must file a timely Proof of Claim to receive distribution as set forth in this Plan.  Even if the Plan provides for payment, no payment will be made unless a Proof of Claim is timely filed.
If the debtor is not represented by counsel, any party filing a proof of claim must serve the debtor with notice that the claim has been filed and with a copy of the claim.  Any pleadings that are filed in relation to the claim also must be served on the debtor.

**IF A TIMELY CLAIM IS NOT FILED, AS PERMITTED BY FED. R. BANKR. P. 3002(c), 3004 OR FURTHER ORDER OF THIS COURT, ALL AMOUNTS RECEIVED BY THE TRUSTEE FOR THE UNFILED CLAIM WILL BE DISBURSED TO OTHER CREDITORS PURSUANT TO THE ORDER OF DISTRIBUTION.**

**If you have a secured claim, this Plan may void or modify your lien if you do not object to the Plan.**

The following matters may be of particular importance. **Debtor(s) must check one box on each line to state whether or not the plan includes any or all of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be void if set out later in the plan.**

| | | | |
|---|---|---|---|
| I. | A limit on the amount of a secured claim, set out in **Sections 3E, 3F, or 4B,** which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | **X** Not Included |
| II. | Avoidance of a judicial lien or nonpossessory, non-purchase money security interest, set out in **Section 9** | ☐ Included | **X** Not Included |
| III. | Nonstandard provisions set out in **Section 24.** | ☐ Included | **X** Not Included |

**1.** ***PAYMENTS***

The Debtor submits to the Standing Chapter 13 Trustee the following regular periodic plan payments to be received within the applicable commitment period of the Plan.  These payments represent the Debtor(s)" anticipated projected disposable income.  The payment schedule is as follows:

| Start Month # | End Month # | Monthly Payment |
|---|---|---|
| **1** | **60** | **$2,300.00** |
| | | |

**Wage Order Required:** ☐ Yes   **X** No   ☐ ePay   **X** TFS (Must list employer information)

**The Debtor from whose check the payment is deducted:**   **Crystal E. Cochran**

**Employer's name, address, city, state, phone:**   **South St. Louis Medical Associates**
**3915 Watson Road, Suite 100, St. Louis, MO 63109**

---

### IMPORTANT PAYMENT INFORMATION

**NOTE: The regular periodic plan payments to the Trustee must commence within 30 days of the filing of the petition. The Debtor(s) must make direct payments to the Trustee by money order or cashier's check until the employer deduction begins. Include your name and case number on your money order or cashier's check. Contact the Trustee for the payment mailing address.**

**In addition, the Debtor(s) may have to pay into their Plan additional non-regular payments as a result of tax refunds (See, Paragraph 19) or if they receive any other non-regular income, such as lawsuit proceeds, etc. (See, Paragraph 20).**

---

**ORDER OF DISTRIBUTION**

The following order of priority shall be utilized with respect to all payments received under the Plan terms:
1. The Trustee's fees for each receipt, the percentage of which is fixed by the U.S. Trustee;
2. Any unpaid portion of the filing fee;
3. Notice fees equal to $.50 per page of the Plan, multiplied by the number of creditors listed on the debtor's mailing matrix;
4. Ongoing mortgage payments on real estate;
5. Allowed administrative expenses;
6. Attorney's fees and other secured creditors as set forth in the Chapter 13 Procedures Manual;
7. Priority creditors as set forth in the Plan;
8. Any special class of unsecured creditors as set forth in the Plan; and
9. General unsecured creditors.

**2.** *ADMINISTRATIVE EXPENSES*

| Administrative Creditor | Estimated Amount of Claim |
|---|---|
| **None** | |
| | |

**ATTORNEY'S FEES**

Attorney name:   **JOHN J. JOHNSTON**

**X** Flat fee through Plan **$4,500.00**   OR

☐ The Debtor's counsel elects to be paid on an hourly basis and will file a fee application(s) for approval of fees. No fees shall be disbursed until a fee application is approved by the Court. However, the Trustee shall reserve a total of $4,500.00 for payment toward such application, pursuant to the Order of Distribution and the Chapter 13 Procedures Manual.

The attorney for the debtor(s) shall be paid attorney's fees as specified in the plan and according to the Court's Chapter 13 Procedures Manual. Confirmation of this plan does not remove the attorney for the debtor as attorney of record in this case. The attorney for the debtor shall remain counsel of record until the earlier of either closing of the case or the entry of an order allowing the attorney for the debtor to withdraw.

3. *REAL ESTATE – CURING DEFAULTS AND MAINTAINING PAYMENTS*

Post-petition payments shall be made by the Trustee if (i) a pre-petition default exists; (ii) a post-petition, pre-confirmation default occurs; or (iii) a post-confirmation default arises that cannot be cured by the Debtor within six months. Otherwise, post-petition payments may be made directly by the Debtor to the creditor. Where the Trustee is disbursing the ongoing payments, the first mortgage payment to be disbursed will be that which becomes due in the second month after the month in which the petition is filed. For example, if the petition was filed in January, the first mortgage payment is due in March. In this situation, a mortgage holder should file a "pre-petition" claim that includes both the pre-petition arrearage and all post-petition contractual payments not disbursed by the Trustee as set forth above. Similarly, a Debtor must include the amount of any such payment(s) in the pre-petition arrearage calculation. (See the Chapter 13 Procedures Manual for examples and further instruction.)

For ongoing payments brought in due to a post-petition default, payments by the Trustee are to begin on the first due date after the month in which the amended or modified Plan is filed, or as otherwise ordered by the Court. All payments received from the Trustee must be credited by the creditor as the Plan directs. Pursuant to 11 U.S.C. § 524(i), ongoing post-petition mortgage payments tendered under the Plan by either the Trustee or the Debtor shall be credited by the holder and/or servicer of said claim only to such payments and may not be used for any other purpose without prior approval of the Court. Pursuant to 11 U.S.C. § 524(i), payments for pre-petition mortgage arrearages tendered under the Plan by the Trustee shall be credited by the holder and/or servicer of said claim only to such arrearages and may not be used for any other purpose without prior Court approval

The Chapter 13 Procedures Manual sets forth the terms concerning notice of payment changes; notice of fees, expenses and charges; form and content of said notice; determination of fees, expenses or charges; notice of final cure payment; response to notice of final cure payment; determination of final cure and payment; and the consequences of the failure to notify. If a conflict arises between the terms set forth in the Chapter 13 Procedures Manual and any bankruptcy rule, the federal and local bankruptcy rule(s) shall supersede the Manual.

**A) Payment of ongoing post-petition mortgage payments by the ____ Debtor(s) or ____ Co-Obligor (check one) is as follows**:

| Creditor | Lien No. | Property Address | Estimated Monthly Payment | Payment Start Date | Payment End Date |
|---|---|---|---|---|---|
| **None** | | | | | |
| | | | | | |
| | | | | | |

**B) Payment of ongoing post-petition mortgage payments by the Trustee is as follows**:

| Creditor | Lien No. | Property Address | Estimated Monthly Payment | Payment Start Date | Payment End Date |
|---|---|---|---|---|---|
| **Rushmore/PHH/PRP** | 1 | **16 Linden Drive Shiloh, IL 62221** | **$1,311.24** | **08/01/22** | **Duration of Plan** |
| | | | | | |
| | | | | | |

The estimated monthly payment amount referenced in Part 3A and 3B above may change based upon Proof(s) of Claim filed and/or subsequent Notices of Mortgage Payment Change.

**C) Payment of pre-petition arrearages; first post-petition ("limbo") payment; and/or post-petition arrearages, arising from a default in mortgage payments that were being made directly by the Debtor to the creditor, are as follows**:

| Creditor | Lien No. | Property Address | Estimated Claim | Type of Payment (i.e. Limbo, Pre or Post-petition) |
|---|---|---|---|---|
| **Rushmore/PHH/PRP** | **1** | **16 Linden Drive Shiloh, IL 62221** | **$25,515.00** | **Pre-Petition Arrears** |
| **Rushmore/PHH/PRP** | **1** | **16 Linden Drive Shiloh, IL 62221** | **$ 1,311.24** | **Limbo** |
|  |  |  |  |  |

**D) Real Estate Secured Claims which will be paid in full:**

| Creditor | Lien No. | Property Address | Estimated Claim | Interest Rate |
|---|---|---|---|---|
| **None** |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

*THE FOLLOWING PLAN PROVISION WILL BE EFFECTIVE ONLY IF THERE IS A CHECK IN THE BOX TITLED "INCLUDED" IN SECTION I ABOVE.*

**E) Residential Real Estate Secured Claims to which 11 U.S.C. § 506 Valuation is Applicable ("Lien Stripping")**:

The Debtor will file a separate adversary proceeding to avoid the following wholly unsecured mortgages. Claims listed in this subsection are debts secured by real estate on the *Debtor's primary residence*. These claims are being modified pursuant to 11 U.S.C. § 1322(b)(2). The real estate mortgage in question is not protected by the anti-modification provision of Section 1322(b)(2) either because the value of the real estate minus any priority liens indicates no value to support a secured claim under 11 U.S.C. § 506(a) or that the loan has matured pursuant to 11 U.S.C. § 1322(c). (The appropriate section is indicated below.) That pursuant to 11 U.S.C. § 1325(a)(5)(B) the creditor will continue to retain the lien on the residential real estate until the Debtors receive a discharge pursuant to Section 1328 of the Bankruptcy Code. Upon the entry of the order of discharge the lien is voided. These claims will be paid either the value of the secured property as stated below or the secured amount of that claim as listed on the Proof of Claim, whichever is less, with interest as provided below. Any portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim without the necessity of an objection.

| Creditor | Property address | Value of Real Estate After Priority Liens are Deducted | Estimated Claim | Interest Rate | Estimated Monthly Payment | Code Section Relied Upon [1322(b)(2) or 1322(c)] |
|---|---|---|---|---|---|---|
| **None** |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

*THE FOLLOWING PLAN PROVISION WILL BE EFFECTIVE ONLY IF THERE IS A CHECK IN THE BOX TITLED "INCLUDED" IN SECTION I ABOVE.*

**F) Real Estate Secured Claims to which 11 U.S.C. § 506 Valuation is Applicable ("Cram Down Claims")**:

Claims listed in this subsection are debts secured by real estate that is *not the Debtor's primary residence*.  These claims will be paid either the value of the secured property as stated below or the secured amount of that claim as listed on the Proof of Claim, whichever is less, with interest as provided below.  Any portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim without the necessity of an objection.

| Creditor | Property Address | Value (after deducting all senior liens) | Estimated Claim | Interest Rate | Estimated Monthly Payment |
|---|---|---|---|---|---|
| **None** | | | | | |
| | | | | | |
| | | | | | |

**G) Real Estate Property Tax Claims shall be paid as follows**: To the extent that taxes become due during the Plan, they will be paid directly by the Debtor or pursuant to any applicable note and mortgage on the property.  Real estate taxes that were due when the bankruptcy was filed will not be cured or paid by the Trustee under this Plan.  Rather, the Debtor(s) need to make separate arrangements to pay these unpaid taxes directly to the party to whom they are owed.

4. *SECURED CLAIMS AND VALUATION OF COLLATERAL UNDER 11 U.S.C. SECTION 506*

**A) Secured Claims to which 11 U.S.C. § 506 Valuation is NOT Applicable ("910 Claims"):**

Claims listed in this subsection are debts secured by a purchase-money security interest in a personal motor vehicle acquired for the personal use of the debtor, incurred within the 910 days preceding the date of the filing of the bankruptcy *or* debts secured by a purchase-money security interest in "any other thing of value" incurred within one year preceding the date of the filing of the bankruptcy.  These claims will be paid in full with interest as provided below.

| Creditor | Collateral | Estimated Claim | Interest Rate | Estimated Monthly Payment |
|---|---|---|---|---|
| **Ford Motor Credit** | **2020 Ford Edge** | **$26,826.00** | **3** | **$485.00** |
| | | | | |
| | | | | |

*THE FOLLOWING PLAN PROVISION WILL BE EFFECTIVE ONLY IF THERE IS A CHECK IN THE BOX TITLED "INCLUDED" IN SECTION I ABOVE.*

**B) Secured Claims to which 11 U.S.C. § 506 Valuation is Applicable ("Cram Down Claims")**:

Claims listed in this subsection are debts secured by personal property *not* described in the immediately preceding paragraph of this Plan.  These claims will be paid either the value of the secured property as stated below or the secured amount of that claim as listed on the Proof of Claim, whichever is less, with interest as provided below.  Any portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim without the necessity of an objection.

*For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.*

| Creditor | Collateral | Value | Estimated Claim | Interest Rate | Estimated Monthly Payment |
|---|---|---|---|---|---|
| **None** | | | | | |
| | | | | | |

**C) Surrender of Property:**

This section allows for the surrender of collateral. The Debtor surrenders any and all right, title and interest in the following collateral. If the creditor believes that it may be entitled to a deficiency claim under applicable law, then the secured creditor must file its secured claim before the non-governmental claims bar date. **Within 90 days following the claims bar date, the secured creditor shall file an amended Proof of Claim indicating the unsecured deficiency balance (if any), unless an extension is approved by the Court.** Any objection to a timely filed deficiency claim shall be filed within 45 days of the date the deficiency claim was filed, or the same is deemed allowed. Absent leave of Court, deficiency claims filed outside of this 90-day period (or any extension granted by the Court) are deemed disallowed without action by any party. Upon entry of the Order lifting the automatic stay, the Debtor must reasonably cooperate with the creditor in either making the collateral available for pickup or in supplying information of the collateral's last known location.

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secured the creditor's claim. **The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects**.

| Creditor | Collateral Surrendered | Estimated Monies Previously Paid by the Trustee |
|---|---|---|
| **None** | | |
| | | |
| | | |

**5.** *SEPARATELY CLASSIFIED CLAIMS*

| Creditor | Collateral | Secured/ Unsecured | Estimated Claim | Interest Rate | Paid By |
|---|---|---|---|---|---|
| **Ally** | **2014 Chevy Silverado** | **Secured** | **$11,000.00** | | **Co-signer Son** |
| **Climb** | **None** | **Unsecured Student Loan** | **$ 5,624.00** | **14.162** | **Co-signer Son** |
| | | | | | |

**6.** *EXECUTORY CONTRACTS AND UNEXPIRED LEASES*

All executory contracts and unexpired leases are *rejected*, except the following which are assumed:

**A) Payment of executory contracts and unexpired leases *directly* by the Debtor is as follows**:

| Creditor | Collateral | Monthly Payment | # of Payments Remaining |
|---|---|---|---|
| **None** | | | |
| | | | |
| | | | |

**B) Payment of arrearages by the Trustee is as follows**:

| Creditor | Collateral | Address | Est. Claim | Int. Rate | Estimated Monthly Payment |
|---|---|---|---|---|---|
| **None** | | | | | |
| | | | | | |
| | | | | | |

Since the claims in Part 3E, 3F, 4A, 4B and 6B are based on the allowed claim amount, the estimated monthly payment in those sections is provided by the Debtor for reference only.

**7.** *PRIORITY CLAIMS*

A) **Domestic Support Obligations:**

The Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim and not through the Chapter 13 Plan.

1. Name of Debtor owing a domestic support obligation: _____

| DSO Claimant Name | Address, City, State and ZIP | Estimated Arrearages | Is DSO Ongoing Obligation? [Y or N] |
|---|---|---|---|
| **None** | | | |
| | | | |
| | | | |

B) **Domestic Support Obligations Assigned to or Owed to a Governmental Unit Under 11 U.S.C. § 507(a)(1)(B):**

| Government Entity | Estimated Arrearages | Estimated Amount to be Paid | State Agency Case Number |
|---|---|---|---|
| **None** | | | |
| | | | |
| | | | |

C) **Secured Income Tax Claims and Priority Claims Under 11 U.S.C. § 507:**

All allowed secured tax obligations shall be paid in full by the Trustee as set forth herein. All allowed priority claims shall be paid in full by the Trustee as set forth herein, unless the creditor agrees otherwise:

| Creditor | Priority **OR** Secured **(Must list the classification)** | Estimated Claim Amount | Interest Rate (If Secured) |
|---|---|---|---|
| **None** | | | |
| | | | |
| | | | |

**8.** *LONG-TERM DEBTS PAID DIRECTLY BY THE DEBTOR OR CO-DEBTOR TO THE CREDITOR*

| Creditor | Collateral | Is there a Co-Debtor? [Y or N] | Estimated Claim Amount | Monthly Payment | Number of Payments Remaining |
|---|---|---|---|---|---|
| **None** | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

*THE FOLLOWING PLAN PROVISION WILL BE EFFECTIVE ONLY IF THERE IS A CHECK IN THE BOX TITLED "INCLUDED" IN SECTION II ABOVE.*

7

### 9. *AVOIDANCE OF LIENS*

The Debtor will file a separate motion to avoid the following non-purchase money security interests, judicial liens, or other liens that impair exemptions.  Until such time as a motion is filed, the Trustee shall make no disbursements thereon.  Upon entry of an order avoiding the lien, the Trustee shall treat said claims as unsecured and pay them pursuant to paragraph 11.

| Creditor | Collateral | Amount of Lien to be Avoided |
|---|---|---|
| **None** | | |
| | | |
| | | |

### 10. *UNSECURED CLAIMS*
The minimum amount the Debtor must pay to all classes of allowed non-priority unsecured claims is ___- 0 -___ or ☐ 100%.

### 11. *POST PETITION CLAIMS*
Post-petition claims shall not be paid by the Trustee unless the Debtor amends the Plan to specifically address such claims.  Absent such an amendment, the Trustee shall not disburse any monies on said claims and these debts will not be discharged.

### 12. *LIEN RETENTION*
With respect to each allowed secured claim to be paid in full through the Plan, other than mortgage or long-term debts, the holder of such claim shall retain the lien securing its claim until the earlier of (i) the payment of the underlying debt determined under non-bankruptcy law; or (ii) entry of the discharge order under 11 U.S.C. § 1328.

### 13. *PROOF OF LIEN PERFECTION*
Any individual and/or entity filing a secured claim must provide the Chapter 13 Trustee, the Debtor, and Debtor's counsel with proof of lien perfection at the time its claim is filed and shall attach such documentation to its Proof of Claim pursuant to Bankruptcy Rule 3001.

### 14. *VESTING OF PROPERTY OF THE ESTATE*
Only property of the estate listed on an original or amended Schedule A/B as of the date of confirmation shall revest in the Debtor upon confirmation of the Debtor's Plan.  All undisclosed, pre-petition property shall vest in the Trustee and become property of the estate.  Property acquired by the Debtor post-petition shall vest in the Trustee and become property of the estate as contemplated by 11 U.S.C. Section 1306, subject to the dollar limitations and procedures set forth in Paragraph 20, **Assets Acquired Post-Petition**, below. (This includes, for example, property previously disclosed, such as a personal injury claim, worker's compensation claim, inheritance or class action, but liquidated and/or acquired post-petition.)  Furthermore, the Debtor shall promptly notify the Trustee of the acquisition of any right and/or interest in such property.

### 15. *PAYMENT NOTICES*
Creditors in Section 3 of this Plan (whose rights are not being modified) and in Section 6 of this Plan (Assumed Executory Contracts/Unexpired Leases) may continue to mail customary notices or coupons to the Debtor or Trustee notwithstanding the automatic stay.

### 16. *OBJECTIONS TO CLAIMS*
Absent leave of Court, any objection to a timely filed general unsecured claim shall be filed within 45 days following the expiration of the claims bar date for that claim.  Objections to secured and/or amended claims shall be filed within 45 days from the applicable claims bar date or within forty-five 45 days from the date of filing of the claim, whichever is later.

### 17. *STAY RELIEF*
Notwithstanding any provision contained herein to the contrary, distribution to a secured creditor(s) who obtains relief from the automatic stay will terminate immediately upon entry of an Order lifting or terminating the stay, except to the extent that an unsecured deficiency claim is subsequently filed and allowed.  Absent an Order of the Court, relief from the automatic stay shall also result in the Trustee ceasing distribution to all junior lien holders.

*18. DEBTOR REFUNDS*
Upon written request of the Debtor or Debtor(s)' counsel, the Trustee is authorized to refund to the Debtor, without Court approval, any *erroneous* overpayment of *regular* monthly payments received during the term of the Plan that have not been previously disbursed.

*19. DEBTOR(S)' DUTIES WITH REGARD TO POST-PETITION TAX RETURNS AND TAX REFUNDS*
By April 30th of each year, the Debtor(s) shall provide the Trustee with a true and complete signed copy of their state and federal income tax return(s) for the preceding year. If an extension is filed, or the Debtor(s) are not required to file a return, by April 30th of each year, the Debtor(s) shall provide the Trustee with an executed copy of the \extension, or Affidavit stating they are not required to file said return(s). The Trustee shall compute the amount, if any, of the Debtor(s)' refund that must be turned over and send the Debtor(s) a letter notifying them of this amount. This amount is calculated as follows: any amount (excluding that received before the commencement of the case) that exceeds (i) monies credited for Earned Income Credit and/or Child Tax Credit; (ii) $750.00 per Debtor; and (iii) after deductions made for monies owed and/or incurred for reasonable tax preparation fees, provided they are disclosed to the Trustee at the time of the submission of the tax returns.

These additional proceeds shall increase the minimum required distribution to the Debtor(s)' allowed general unsecured creditors as set forth in Paragraph 10 and the Trustee is authorized to increase the base amount of the Debtor(s)' Plan accordingly. The distribution of these proceeds shall be made in accordance with Paragraph 1, **Order of** Distribution. Said funds must be tendered to the Trustee within 30 days of the date of said letter. Failure of the Debtor(s) to comply with any of the time parameters set forth herein will result in the dismissal of the case without further notice or hearing upon the Trustee's certification of said default. Notwithstanding the foregoing, nothing contained herein shall prohibit the Debtor(s) from timely filing a Motion with the Court, seeking authorization to retain all or any portion of such future tax refunds upon a showing of substantial need.

*20. ASSETS ACQUIRED POST-PETITION*
Should the debtor(s) acquire or receive any interest in property, outside of their previously disclosed normal financial affairs, with a fair market value exceeding $2,000.00, AND/OR any interest in property with an undetermined, unliquidated, or unknown value, they shall immediately file the appropriate amended schedule(s) to disclose the acquisition or receipt of the same. Examples of such property include, but are not limited to, any financial recovery to which debtor(s) is or becomes entitled to receive during the pendency of the Chapter 13 plan, claims for personal injury, worker's compensation employment/back-pay, worker's compensation claims, inheritance, life insurance proceeds, bonuses, or gifts. Upon the filing of said amended schedules, the Chapter 13 Trustee or other party in interest shall have sixty (60) days to file a motion for turnover of the value of the property at issue. Debtor(s), in turn, may file an objection to such motion within twenty-one (21) days seeking leave to retain the value of such property. In the absence of such motion, or if the motion is denied, the value of the property will be deemed to have been abandoned by the bankruptcy estate. The value of any interest in property acquired by Debtor(s) that is subject to this Paragraph, whether or not disclosed on amended schedule(s), shall constitute a payment under the plan due upon Debtor(s)' interest accruing unless or until the interest is abandoned by the Trustee pursuant to the procedures established by this Paragraph. The value of any property ordered to be turned over to the Trustee shall be paid into the debtor(s)' plan as a payment under the plan, inclusive of trustee fees. The Trustee is hereby authorized to increase the plan base and minimum required distribution to the Debtor(s)' allowed general unsecured creditors as set forth in Paragraph 10 consistent with the provisions of this Paragraph. The Trustee shall thereafter disburse the value of property received under this Paragraph in accordance with the provisions of Paragraph 1, **Order of Distribution.**

*21. MISCELLANEOUS TRUSTEE DISBURSEMENT PROCEDURES*
No payment in an amount less than $15.00 shall be distributed by the Trustee to any creditor. Funds not distributed because of Bankruptcy Rule 3010(b) shall be paid whenever the accumulation aggregates $15.00. Any funds remaining shall be distributed with the final payment.

After satisfaction of all allowed secured and priority claims being paid by the Trustee, the Trustee is directed to distribute the remaining proceeds of the debtor's plan base to those creditors whose claims have been allowed, but not to exceed 100 percent of the amount of any claim.

*22. PLAN NOT ALTERED FROM LOCAL FORM*

By signing this Plan below, the Debtor and the Debtor's counsel certify that the Plan is the local form authorized by the Court and contains no non-standard provisions other than those in Paragraph 24.

---

*23. REASON(S) FOR AMENDMENT(S)*

Set forth a brief, concise statement of the reason(s) for the amendment(s). In addition, if there is a substantial change to the proposed Plan payments, or if the Trustee so requests, file an amended Schedule I & J.

---

*THE FOLLOWING PLAN PROVISION WILL BE EFFECTIVE ONLY IF THERE IS A CHECK IN THE BOX TITLED "INCLUDED" IN SECTION III ABOVE.*

*24. NONSTANDARD PLAN PROVISIONS*

Under Bankruptcy Rule 3015(c), nonstandard provisions **must** be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

---

### Signatures

X /s/ John J. Johnston                                    Date:   06/22/2022
Signature of Attorney for Debtor

X /s/ Crystal E. Cochran                                  Date:   06/22/2022
Signature of Debtor

11